IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| In re: Pharmaceutical Industry Average Wholesale Price Litigation | MBD No. 05-10247-PBS<br>MDL No. 1456<br>Civil Action No. 01-12257-PBS<br><br>Pending in USDC District of Massachusetts<br>Judge Patti B. Saris<br>sitting for the United States District Court<br>for the Northern District of Texas,<br>Fort Worth Division<br><br>referred for hearing to:<br>Magistrate Judge Marianne B. Bowler |

## MOTION TO WITHDRAW MOTION TO QUASH NON-PARTY SUBPOENA

Oncology-Hematology Consultants, P.A. d/b/a Texas Cancer Care ("TCC"), files this Motion to Withdraw Motion to Quash Non-Party Subpoena and requests that its Motion to Quash Non-Party Subpoena ("Motion") be withdrawn and that the hearing scheduled on July 13, 2005 on said Motion be canceled.

### I.

1. Plaintiffs in the above styled suit served TCC, a non-party, with a subpoena on or about January 31, 2005.

2. TCC filed its Motion on February 14, 2005 in the U.S. District Court for the Northern District of Texas, Fort Worth Division.

3. U.S. District Judge Terry R. Means remitted TCC's Motion to this Court on June 16, 2005, finding that this Court "effectively operates as a 'court of the district in which production is to be made.'" See Order Remitting Motion to Quash and Administratively Closing Case, p. 4.

4. TCC's Motion was referred to Magistrate Judge Marianne B. Bowler for hearing, set for July 13, 2005 at 2:30 p.m.

**II.**

5. TCC and Plaintiffs have reached a resolution regarding TCC's Motion. A copy of this agreement is attached hereto as Exhibit "A."

6. In light of this agreement, no hearing on TCC's Motion is necessary, and the same is withdrawn.

7. TCC requests that TCC's Motion, currently set for hearing on July 13, 2005, at 2:30 p.m. before Magistrate Judge Marianne B. Bowler, be removed from the docket.

Respectfully submitted,

*/s/ William N. Warren*

William N. Warren
State Bar No. 00786331
John T. Wilson IV
State Bar No. 24033344
KELLY, HART & HALLMAN, P.C.
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 332-2500
(817) 878-9280 (facsimile)

ATTORNEYS FOR NON-PARTY
ONCOLOGY-HEMATOLOGY CONSULTANTS,
P.A. D/B/A TEXAS CANCER CARE

## CERTIFICATE OF CONFERENCE

This is to certify that I held a conference with Alan Hoffman, Counsel for Plaintiffs, concerning the subject matter of this Motion. He indicated that he is in agreement that TCC's motion should be withdrawn and the matter should be removed from the docket.

_____
John T. Wilson IV

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was forwarded this 8th day of July, 2005, to the following people, via certified mail, return receipt requested:

Sean R. Matt
Hagens Berman LLP
1301 5th Avenue, Suite 2900
Seattle, WA 98101

Allan Hoffman
Hoffman & Edelson
45 West Court Street
Doylestown, PA 18901

Roger L. Mandel
Stanley Mandel & Iola
3100 Monticello Avenue
Suite 750
Dallas, TX 75205

_____
John T. Wilson IV

# KELLY HART & HALLMAN

(A PROFESSIONAL CORPORATION)
ATTORNEYS AT LAW
201 MAIN STREET, SUITE 2500
FORT WORTH, TEXAS 76102

Telephone (817) 332-2500
Telecopy (817) 878-9280
Writer's Direct Dial:  (817) 878-3578
Direct Fax Number:  (817) 878-9778
Email Address:   john_wilson@khh.com

301 Congress, Suite 2000
Austin, Texas 78701
Telephone (512) 495-6400
Telecopy (512) 495-6401

July 8, 2005

Allan Hoffman
Hoffman & Edelson, LLC
45 West Court Street
Doylestown, PA 18901
*Via Facsimile (215) 230-8735*

Re: Agreement Regarding Motion to Quash Non-Party Subpoena
*In re: Pharmaceutical Industry Average Wholesale Price Litigation*
Pending in USDC District of Massachusetts, Civil Action No. 01-12257-PBS
MDL No. 1456, MBD No. 05-10247-PBS

Dear Allan:

After discussing this matter with you and my client, Oncology-Hematology Consultants, P.A. d/b/a Texas Cancer Care ("TCC"), it is my understanding that both Plaintiffs and TCC are agreeable to a resolution regarding TCC's Motion to Quash Non-Party Subpoena which is currently set for hearing on July 13, 2005 before Magistrate Judge Bowler.

Specifically, Plaintiffs and TCC have agreed to the following modification of the subpoena served upon TCC by Plaintiffs which forms the basis of TCC's motion.

A. The documents to be produced pursuant to the subpoena are modified to include only the following:

1. All documentation received by TCC from Defendants referring or relating to the amount of profit, margin and/or revenue that TCC could achieve due to the Spread between reimbursement and acquisition cost of any or all relevant drugs. This includes, but is not limited to, any correspondence, sales and/or marketing materials prepared by a Defendant discussing or referring to profit, economics, the return on investment, return to practice, practice economics, costs, revenue, Spread, rebates, incentives and/or discounts in connection with using or prescribing their drugs, and/or comparing any of the foregoing to that of a competitor's drug.

2. Any and all responsive TCC prepared documents that TCC generated or prepared at the prompting or suggestion of a sales representative or sales materials of any Defendant. This includes correspondence, notes, calculations, spreadsheets, etc.

698710_3

Exhibit A

Allan Hoffman
July 8, 2005
Page 2

B. The relevant time period remains 1991 through the present.

C. TCC agrees to conduct a diligent search and to produce responsive documents, if any, at Plaintiffs' direction, but no later than July 22, 2005.

D. Plaintiffs agree to reimburse TCC for its reasonable costs of compliance, estimated to be $250, based upon a search requiring 8 hours. TCC agrees to keep Plaintiffs informed as to whether the search is within its estimate of 8 hours. At the close of its search efforts, TCC will submit a letter explaining the results of its search and a representation of the number of hours searched. TCC has offered to copy and deliver any responsive documents for $0.25 per page for copying, plus the actual cost of delivery of any responsive documents pursuant to Plaintiffs' direction. Plaintiffs reserve the right to refuse to pay these copying and/or delivery amounts in the event they are able to find an alternative copying service or if the parties agree otherwise. Plaintiffs agree that no documents will be removed from TCC's premises without TCC's express consent.

If this accurately reflects the agreement, please sign below and return to me by facsimile at your earliest convenience so that I might cancel the hearing set for the July 13. Thank you for your prompt attention to this matter and feel free to contact me if you have any questions.

Sincerely,

John T. Wilson IV

/jlp

Agreed,

Allan Hoffman
*Counsel for Plaintiffs*

698710_3                                          2

Allan Hoffman
July 8, 2005
Page 3


cc:     Sean R. Matt
        Hagens Berman LLP
        1301 5th Avenue, Suite 2900
        Seattle, WA  98101

        Roger L. Mandel
        Stanley, Mandel & Iola, L.L.P.
        3100 Monticello Ave., Ste. 750
        Dallas, TX  75205